**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SMT SOLUTIONS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>EXPOEVENT SUPPLY LLC and LARRY EDINGER,<br><br>Defendants. | Civil Action No. 11-6225 (ES)(CLW) |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court upon motion by defendants ExpoEvent Supply LLC ("ExpoEvent") and Larry Edinger (collectively "Defendants") to stay this matter pending reexamination by the United States Patent and Trademark Office ("PTO") of United States Patent Nos. 7,178,470 ("'470 patent") and 7,320,287 ("'287 patent"). (Docket Entry No. 38, the "Motion"). Plaintiff SMT Solutions, Inc. ("Plaintiff" or "SMT") opposes the Motion. The Court decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated herein, Defendants' Motion is GRANTED and this civil action shall be stayed pending the PTO's reexamination of the '470 patent and '287 patent.

## I. Background

Plaintiff filed its complaint against Defendants on October 26, 2011, alleging infringement of SMT's '470 patent and '287 patent, titled "Tablecloth Covering And Method of Covering and Skirting a Table." (Docket Entry No. 1, Complaint, ("Compl.") at ¶¶ 11-24). Defendant Edinger is named as an inventor of the '470 patent and '287 patent and formerly owned a share of SMT. (Id. at ¶ 14). After leaving SMT, Defendant Edinger founded

ExpoEvent, which is in the business of creating and distributing items for the expo and special event industries. (Id. at ¶ 15). SMT contends that Defendants have been infringing and inducing others to infringe one or more of the claims of the SMT patents through their sale of certain table cover products. (Id. at ¶¶ 17-20).

On January 17, 2012, Defendants filed their answer and counterclaim, alleging that the ’470 patent and ’287 patent are invalid. (Docket Entry No. 10, “Answer”). On June 13, 2012, SMT filed its Amended Complaint to add recently issued United States Patent Nos. 8,127,693 (“’693 patent”) and 8,196,528 (“’528 patent”). (Docket Entry No. 33, Amended Complaint, (“Amended Compl.”)). The ’693 patent and ’528 patent were duly and legally issued by the PTO and assigned to SMT on March 6, 2012 and June 12, 2012, respectively. (Amended Compl. ¶¶ 19-20).

On April 20, 2012, Defendants filed a request for *ex parte* reexamination of the ’470 patent citing a number of prior art references allegedly not disclosed to or considered by the PTO in their initial examination or initial reexamination of the ’470 patent. (Defs’ Decl. of Yariv Waks, Docket Entry No. 38, Ex. A). On May 10, 2012, the PTO granted Defendants’ request. Specifically, the PTO found a substantial new question of patentability with respect to the ’470 patent of, *inter alia*, two new prior art references that were not previously brought to the PTO’s attention either during the original prosecution of that patent or during its first reexamination. (Id.). Likewise, Defendants filed a request for *ex parte* reexamination of the ’287 patent on May 3, 2012. (Id., Ex. B). On May 24, 2012, the PTO similarly found that a substantial new question of patentability with respect to the ’287 patent was raised by Defendants’ request for *ex parte* reexamination. (Id.).

## II. Discussion

It is well-established that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North American Co., 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936). Thus, the decision to stay a patent case in which a reexamination by the Patent Office has been requested is within the sound discretion of the district court. Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (noting that "[c]ourts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination.") (internal citations omitted). Additionally, while courts weigh the costs and benefits associated with granting a stay pending reexamination of a patent, "courts have noted that granting a stay pending reexamination is favored." ICI Uniqema, Inc. v. Kobo Products, Inc., No. 06-2943, 2009 WL 4034829, at *1 (D.N.J. Nov. 20, 2009) (citing Alltech, Inc. v. Cenzone Tech, Inc., No. 06-0153, 2007 WL 935516 (S.D.Cal. Mar. 21, 2007)) ("[t]here is a liberal policy in favor of granting motions to stay proceedings pending the outcome of reexamination proceedings").

In deciding whether to stay a matter pending reexamination, courts have developed a three-part test (hereinafter referred to as the "Xerox" factors). A court should consider "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." Xerox Corp. v. 3Com Corp., 69 F.Supp 2d 404, 406 (W.D.N.Y. 1999). The Court will address each Xerox factor in turn:

A. Undue Prejudice or Tactical Advantage

Defendants maintain that SMT will suffer no undue prejudice by the stay. First, Defendants contend that these patents are relatively new, and do not expire until at least 2023. "Thus, even if the patents are ultimately upheld on reexamination and by the Court, and Defendants are ultimately found to infringe, then SMT could recover its damages and seek injunctive relief after this litigation reconvenes." (Motion at 9). Second, a stay pending reexamination will not unduly prejudice SMT financially because the sales at issue here are relatively modest. To that end, ExpoEvent has sold approximately $145,000 of accused table covers over the course of nearly three years since they were first sold. (Id.).

SMT claims it will be unduly prejudiced if a stay is granted for two reasons. First, Defendant Edinger is a former employee of SMT who is targeting SMT's customers. (Pl.'s Opp. Br. at 13). Through limited discovery, SMT has learned that ExpoEvent has sold infringing table cover products to at least fifteen (15) of SMT's customers. (Id.). SMT contends that courts are reluctant to impose stays where the parties are direct competitors, such as here, because the delay itself will allow the alleged infringer's business to continue to expand, making sales that would have been plaintiff's but-for the infringement. (Id.) (citing Adaptor, Inc. v. Sealing Systems, Inc., No. 09-1070, 2010 WL 4236875, at *3 (E.D.Wis. Oct. 21, 2010)) ("[T]he potential delay alone is enough to suggest loss of market share and eroded prices if an alleged infringer is allowed to continue its practices [during a stay awaiting reexamination]."). Second, Defendants may not have the means to satisfy a judgment for the substantial damages that will accrue during a stay. (Id.).

The Court is not persuaded that SMT will be unduly prejudiced by the entry of a stay in this case. First, as Defendants point out in their moving papers, "[t]he delay inherent to the

reexamination process does not constitute, by itself, undue prejudice." CCP Systems AG v. Samsung Electronics Corp., No. 09-4354, 2010 WL 5080570, at *3 (D.N.J. Dec. 7, 2010) (internal citations omitted). As a result, the fact that the reexamination proceedings may result in a delay of months or years does not alone weigh against imposing a stay.

Next, SMT correctly asserts that it and the Defendants are competitors. The Court appreciates SMT's concern that it will be irreparably harmed because the accused product will continue to gain market share during the pendency of the stay. (Pl.'s Opp. Br. at 13). Judge Walls recently addressed this exact concern in Studer Professional Audio GmbH v. Calrec Audio Ltd., No. 12-2278, 2012 WL 3061495, at *2 (D.N.J. July 25, 2012). The Court finds Judge Walls' analysis particularly instructive:

> Despite these concerns, [Plaintiff] decided not to seek a preliminary injunction in this matter. If a stay is granted, the Plaintiff will still have all of their "legal and equitable remedies available when the stay is lifted." See MonoSol Rx, LLC v. BioDelivery Sciences Int'l, Inc., No. 10-5695, 2012 WL 762501, at *10 (D.N.J. Mar. 7, 2012) (noting that Plaintiff will still have all legal remedies available, as long as the PTO does not invalidate or otherwise alter the patents-in-suit) (internal citations omitted). It follows that granting a stay will not unduly prejudice [Plaintiff].

Id. Here, SMT will have a similar opportunity to exercise its rights after the stay is lifted. See also EI Du Pont De Nemours & Co. v. MacDermid Printing Solutions LLC, No. 10-3409, 2012 WL 2995182, at *4 (granting stay notwithstanding the fact that plaintiff and defendants were competitors and distinguishing APP Pharm., LLC v. Ameridose LLC, No. 10-4109, 2011 WL 816622, at *2 (D.N.J. Mar. 8, 2011) because similar concerns regarding expiration of patents-in-suit did not exist).[1]

---

[1] SMT does not explicitly argue that the stay will place it at a clear tactical disadvantage. A court may deny a stay when "the reexamination filing was done as a tactic to delay the proceedings." Brass Smith, LLC v. RPI Indus., Inc., No. 09-06344, 2010 WL 4444717, at *3 (D.N.J. Nov. 1, 2010) (internal citations omitted). "[A] significant delay" in any litigation "may result in evidence becoming more difficult to access as witnesses may become unavailable and memories fade." Wyeth v. Abbott Labs., No. 09-4850, 2011 WL 380902, at *2 (D.N.J. Feb. 1, 2011). Here, SMT argues, generally, that Defendant Edinger's current motivation is to delay this litigation so he can

B. Simplification of Issues and Trial

SMT argues that staying this matter will not simplify the disputed issues presented in this litigation. In that regard, SMT notes that only two of the four patents-in-suit are under reexamination. (Pl.'s Opp. Br. at 4). Accordingly, reexamination cannot possibly resolve this case in its entirety. Next, although Defendants posit that resolution of the reexamination will simplify the issues, SMT argues that a party requesting a stay must do more than proffer reexamination statistics and generic efficiency arguments as Defendants do here. (Id. at 5).

Next, SMT contends that simplification of issues and trial is unlikely because the technology at issue in the instant litigation is relatively simple. (Id. at 6) (citing Adaptor, 2010 WL 4236875, at *3) ("Further, Adaptor itself notes that 'the subject matter of the '533 patent is not overly complex.' Thus, while the reexamination might further simplify the issues, this court is not so sure that the current state of the patent is so convoluted that simplification is necessary to conserve resources. Instead, it seems that waiting a possible two years for simplification will only drag the case out longer than necessary."). Moreover, SMT argues that the issues concerning Defendants' alleged infringement of the '693 patent and '528 patent are relatively simple and, with limited discovery, would be ripe for Summary Judgment. Accordingly, both the Court and parties would benefit if the litigation proceeds. (Pl.'s Opp. Br. at 6).

SMT additionally argues that simplification of the issues and trial is unlikely because there is actually little chance that the reexamination proceedings will result in the invalidation of any claims of the '470 patent or the '287 patent. (Pl.'s Opp. Br. at 7). SMT has alleged infringement of thirty-five (35) claims under reexamination. SMT believes it likely that at least some of these asserted claims will be confirmed by the PTO. (Id. at 8). To that end, the '470

---

profit unjustly from his continued alleged infringement. (Pl.'s Opp. Br. at 9). The Court finds this concern alone is insufficient to support any contention that Defendants are seeking a stay for dilatory reasons.

patent has already been reexamined once by the PTO and its validity was confirmed with a reexamination certificate. (Id.). Accordingly, SMT argues that a stay will not simplify issues in this matter given the likelihood that many if not all of the rejected claims will be confirmed.

Contrary to SMT's arguments, the Court finds that a stay will likely simplify the issues in dispute and the trial of this matter. "[R]eexamination ha[s] the potential to eliminate trial on the issue altogether or at least reduce the costs associated with litigating it. And, if the PTO upholds the validity of plaintiff's patent, the plaintiff's rights will only be strengthened, as the challenger's burden of proof becomes more difficult to sustain." Motson v. Franklin Covey Co., No. 03-1067, 2005 WL 3465664 (D.N.J. Dec. 16, 2005) (internal quotation marks and citations omitted).

The Court finds simplification may occur even where, as here, not all of the patents-in-suit are under reexamination. Indeed, both Plaintiff and Defendants acknowledge that the patents-in-suit substantially overlap. (Pl.'s Opp. Br. at 6, Defs.' Reply Br. at 9). Specifically, the patents-in-suit all share nearly identical disclosures. (Motion at 4). The '287, '693 and '528 patents essentially take the table cloth cover structure claimed in the early patents and apply them to method claims that involve actually "pulling" or "fitting" them onto an actual table or multiple tables, or claim one of the earlier table covers in combination with an actual table. (Id.). Therefore, the PTO's findings with respect to the '470 patent and '287 patent will likey affect the '693 and '528 patents. Moreover, courts in this District have entered stays notwithstanding the fact that not all patents-in-suit were under reexamination. See Eberle v. Harris, No. 03-5809, 2005 WL 6192865 (D.N.J. Dec. 8, 2005). Lastly, the fact that the '470 patent has already been reexamined is of no moment. See GPAC, Inc. v. D.W.W. Enters., Inc., 144 F.R.D. 60, 65

(D.N.J. 1992) (rejecting plaintiff's argument that matter should not be stayed because the patent had already been unsuccessfully reexamined by the PTO).[2]

Finally, as other courts have recognized, the reexamination process has benefits beyond the "'simplification of litigation that might result from the cancellation, clarification, or limitation of claims[.]'" ICI Uniqema, Inc., 2009 WL 4034829, at *2 (internal quotation omitted). Indeed, "even if the reexamination d[oes] not lead to claim amendment or cancellation, it could still provide valuable analysis to the district court." Id. (internal quotation omitted). For the foregoing reasons, the second Xerox factor weighs in favor of granting a stay.

C. Effect of the Stay on the Trial Schedule and Discovery

The final Xerox factor for the Court to consider in evaluating SMT's Motion is "whether discovery is complete and whether a trial date has been set." Xerox Corp., 69 F.Supp 2d at 406. "One of the most critical factors in determining whether to stay litigation pending the outcome of a reexamination proceeding is the stage of the litigation. Courts stress the importance of the stay being sought early in the litigation." Everett Labs., Inc. v. River's Edge Pharms. LLC, No. 09-3458, 2009 WL 4508584, at *4 (D.N.J. Nov. 24, 2009) (internal citations omitted).

Here, the Court finds that the stage of these proceedings favors granting a stay in this matter. Paper discovery has just begun, the parties have not yet taken any depositions, new patents have only recently been added, no expert discovery has been undertaken, no dispositive motions have been filed, and no trial date has been set. Accordingly, discovery is in its early stages. See GPAC, Inc., 144 F.R.D. at 64 (granting stay pending reexamination, despite suit being filed sixteen (16) months earlier because substantial discovery had yet to occur).

[2] In so holding, the Court acknowledges that certain courts in this District have found a stay inappropriate when less than all of the patents-in-suit are under reexamination. Mars., Inc. v. JCM American Corp., No. 05-3165, 2006 WL 3373284, at *7 (D.N.J. Nov. 21, 2006). However, the overwhelming case law in this District supports granting a stay where a reexamination request is pending. See, e.g., ICI Uniqema, supra; Eberle, supra; Motson, supra; GPAC, supra.

SMT argues that any lack of progress in discovery is attributable to Defendants' discovery abuses. (Pl.'s Opp. Br. at 10-12). Specifically, SMT contends that ExpoEvent has failed to produce documents, provide adequate responses to interrogatories, and make certain individuals available for deposition. (Id.). Defendants dispute the accuracy of SMT's contentions. (Defs.' Reply Br. at 7-8). The Court is not currently tasked with determining whether all parties are fulfilling their respective discovery obligations. To that end, even if SMT's contentions were accurate, the fact remains that "the parties are not 'deep' into discovery." Brass Smith, 2010 WL 4444717, at *6. In sum, on balance, the Court finds this factor further militates in favor of granting Defendants' Motion. [3]

## III. Conclusion and Order

The Court having considered the papers submitted and opposition thereto, and for the reasons set forth above;

**IT IS** on this 15th day of August, 2012,

**ORDERED** that Defendants' Motion to stay this matter pending the resolution of the PTO's *ex parte* reexamination of the '470 patent and '287 patent (Docket Entry No. 38) is GRANTED; and it is further

**ORDERED** that defense counsel shall provide the Court with status updates regarding the PTO's *ex parte* reexamination of the '470 patent and '287 patent every sixty (60) days starting **September 1, 2012**; and it is further

[3] SMT requests that if this Court enters a stay, Defendants should post a bond to insure against SMT's damages in this case. (Pl.'s Opp. Br. at 15). At this juncture, the Court does not find such a drastic measure necessary. SMT's reliance on Innovative Office Products, Inc. v. Spaceco, Inc., No. 05-4037, 2008 WL 4083012 (E.D.Pa. Aug. 28, 2008) is misplaced. In Spaceco, the Court's analysis hinged, in part, on the fact that the original defendant was out of business and the present defendant was in bankruptcy. Id. at *3. No such facts exist here. Furthermore, SMT has failed to provide the Court with substantial evidence to suggest Defendants would essentially be judgment proof.

**ORDERED** that defense counsel shall notify the Court within ten (10) days of any disposition of the PTO's *ex parte* reexamination of the '470 patent and '287 patent; and it is further

**ORDERED** that the Clerk of the Court shall administratively terminate this case.

s/Cathy L. Waldor
**Cathy L. Waldor, U.S.M.J.**